# EXHIBIT A

# SERCARZ & RIOPELLE, LLP

950 THIRD AVENUE, 31ˢᵗ Floor
NEW YORK, NEW YORK 10022
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*
––––––––––
*Admitted in New Jersey*

July 25, 2024

BY EMAIL

USPO Johnny Kim
US Probation Department
500 Pearl Street
New York, NY  10007


Re: Representation in United States v. Shvartsman, 23 Cr. 307

Dear Officer Kim:

My client and I have now reviewed the Draft Presentence Report (the "Draft PSR") you filed/disclosed on July 12, 2024.  This letter contains our corrections and objections to the Draft PSR.  For our mutual convenience, our comments/objections are set forth below according to the paragraphs to which they relate.

**Page 3, Paragraph 3, Footnote 1**

In footnote one on page three, you refer to the SPAC at issue in this case (DWAC) as "Donald World Acquisition Corp."  In fact, the acronym DWAC refers to Digital World Acquisition Corporation, and we ask that you correct this footnote to indicate that.

**Page 6, Paragraph 9(e)**

This sub-paragraph states "a two-level increase is warranted" pursuant to [Sentencing Guidelines Section] 4C1.1(s).  In fact, Section 4C1.1 requires a two-level decrease in Mr. Shvartsman's sentencing guidelines, and we ask that you correct this sub-paragraph of the Draft PSR.

1

**Page 6, Paragraph 9(j)**

This paragraph refers to a calculation of the sentencing guidelines in the event of a global plea. As there was no global plea in this case, this sub-paragraph of the report is irrelevant and should be stricken.

**Page 13, Paragraphs 36-38**

Paragraph 36 refers to DWAC sales and profits attributable to Eric Hannelius, FNU Gastwirth and Aton Postolnikov. It is undisputed that my client did not tip these persons, and their profits cannot be attributed to my client for calculating his sentencing guidelines. Because the trading activity of Hannelius, Getworth and Postolnikov is unrelated and irrelevant to the liability of my client, we request that references to trading by these three persons be stricken from the Draft PSR.

Similarly, paragraphs 37 and 38 refer to an alleged money-laundering scheme involving Michael Shvartsman. This scheme has nothing to do with my client, and we request that references to alleged money laundering by Michael Shvartsman should be stricken from the Draft PSR.

**Pages 20-21, Paragraph 93**

On Page 20 in Paragraph 93, a Mercedes-Benz SL55R4 is listed as an asset with a value of $90,000. This car is leased, and Mr. Shvartsman does not own it. So while it is worth $90,000, those dollars are not Mr. Shvartsman's dollars, and this car should not be listed as an asset owned by Mr. Shvartsman. A 2021 Mercedes-Benz GLS 450 W-4 is also listed as an asset. This car has been returned, and Mr. Shvartsman does not own it any longer, so it should no be listed as an asset owned by him.

On Page 21 in Paragraph 93, a series of business accounts at First Horizon Bank (beginning with Account Number 220002457709 with a value of $800,637, and ending with Account Number 220002405881 with a value of $520,280) are listed as assets. These are loan accounts relating to equipment purchased by Source Furniture, and are amounts owed by Source to the bank.

**Page 23, Paragraph 94**

This paragraph indicates that Gerald did not list Source Furniture LLC as an asset. That is correct. Source Furniture is not owned by Gerald Shvartsman. It is owned by the Shvartsman Family Trust. So there is nothing inaccurate in the way in which Mr. Shvartsman disclosed his assets, as is suggested by this paragraph, and we ask you to strike the statements that suggest otherwise.

In addition, this paragraph notes that Mr. Shvartsman's wife, Zita Zimmerman is listed as the manager of Source Furniture LLC. There is of course nothing improper in Mr. Shvartsman's wife acting as a manager of Source Furniture. Ms. Zimmerman was added as a manager of Source Furniture because my client is unable to open bank accounts associated with him or any business he owns. Please note in the report that Ms. Zimmerman was added to the Source Furniture management team because of the difficulties my client has incurred in opening a bank account, after his conviction.

**Page 23, Paragraph 96**

My client is not a beneficial owner of The Shvartsman Family Irrevocable Trust. He is a beneficiary of that trust, but not an owner of the trust. Please correct the language of this paragraph so Mr. Shvartsman's relation to the Family Trust is described accurately.

**Page 27, Paragraph 116**

As the general manager of Source Furniture, the defendant is a key employee of that company, as is indicated in the enclosed letters. Mr. Shvartsman is the final decision maker as to all aspects of Source Furniture's operations, and he makes all key strategic decisions for the company. He is also responsible for more sales than any other person at the company.

Mr. Shvartsman is committed to employing recently released convicts, as well as those who are currently supervised by Probation. He also employs inmates who are allowed to participate in the Florida Department of Corrections Work Release program. In doing so, my client provides a real and necessary benefit to his community.

Given his key role at the company, if Mr. Shvartsman is incarcerated for an extended period, Source Furniture may fail, and its employees will lose their employment. The extraordinary and significant collateral harm that imposing a lengthy term of incarceration on Mr. Shvartsman would inflict on his employees, their families and their community should be considered by the Court. I understand that Mr. Shvartsman's plea agreement prohibits him from making a motion for downward departure from the applicable sentencing guidelines range. However, the Court should consider whether to sentence Mr. Shvartsman below the applicable sentencing range as a variance from Mr. Shvartsman's guidelines, because of the collateral damage a lengthy sentence would cause to Source Furniture and its employees. See United States v. Milikowsky, 64 F.3d 4, 8 (2d Cir. 1995); United States v. Somerstein, 20 F. Supp. 2d 454, 460-62 (EDNY 1998). We ask that you consider the enclosed letters and make a

note of this sentencing issue in the Final PSR.

Very truly yours,

*Roland G. Riopelle*

Roland G. Riopelle

Enc.