```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA.,                                           :
                                                                     :
         -v-                                                         :
                                                                     :     23-cr-307 (LJL)
GERALD SHVARTSMAN,                                                   :
                                                                     :     MEMORANDUM AND
                                        Defendant.                   :     ORDER
                                                                     :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Gerald Shvartsman has applied to the Court for an order directing the Probation Department to amend his presentence report to include what Shvartsman argues is updated medical information. Dkt. No. 257. Shvartsman was sentenced on October 16, 2024. Dkt. No. 243. Before sentencing, Shvartsman submitted the letter of Dr. Michael Bloom of Bassan and Bloom dated September 13, 2024, stating that he had recently been diagnosed for Crohn's disease, required close monitoring and limited exposure to infectious disease and ideally should remain out of a prison environment. Dkt. No. 213-1. Based on that letter, Shvartsman argued that his "treatment for Crohn's disease will result in serious immunosuppression, leaving him at serious risk if he is housed with other prisoners in an unsanitary environment." Dkt. No. 208 at 27. Shvartsman argued that based on his medical condition, he should not be sentenced to a term of imprisonment. *Id.*; *see also* Dkt. No. 242 at 25–26 (making same argument at sentencing). The Court concluded that Shvartsman's medical condition did not provide the basis for a variance and sentenced him to a term of imprisonment of 22 months. *Id.* at 41–43. The Court set Shvartsman's surrender date for January 2, 2025. *Id.* at 49. Dr. Bloom's diagnosis of Crohn's disease was reflected in the final presentence report. Dkt. No. 197 ¶¶ 78–79. The

Bureau of Prisons has preliminarily designated Shvartsman to a medical facility for treatment of Crohn's disease rather than to the low security facility at Coleman Florida requested by the defense and recommended by the Court.  Dkt. No. 257.

Now, with the surrender date impending, Shvartsman has submitted a new medical note dated December 6, 2024, also by Dr. Bloom, which omits any reference to Crohn's Disease.  Dkt. No. 257-1.  Dr. Bloom now says that Shvartsman is under his care "for management of Inflammatory Bowel Disease" and "does not require medical therapy."  *Id.*  Dr. Bloom states that Shvartsman "does not require 'in-prison' medical care at this time" and "is medically cleared for incarceration."  *Id.*   Shvartsman asks the Court to direct Probation to amend the presentence report to delete the references to Crohn's disease and to the necessary treatment for it in the hope that the Bureau of Prisons will not designate him to a medical facility but instead to FCI Coleman.  Dkt. No. 257.

The Court requires more information before it can consider the requested relief.  First, it is now over two months after sentencing, and the Court sentenced Shvartsman on the basis of the final presentence report prepared by Probation.  Federal Rule of Criminal Procedure 32(d)((3)(B) provides for the Court to rule on disputed portions of the presentence report at sentencing but not after sentencing.  Shvartsman provides no authority for his requested relief.  Second, it is unclear why the Court should credit Dr. Bloom's second letter when his first letter, submitted only months ago, so forcefully argued against a term of imprisonment.  His change of position calls his credibility into question.  At a minimum, the Presentence Report would have to reflect the historical information before the Court at the time of sentencing.  Third, if in fact Shvartsman no longer has Crohn's disease, it is unclear why this is the appropriate mechanism for bringing that information to the attention of the Bureau of Prisons.  The Presentence Report is intended

primarily to assist the Court at the time of sentencing and only secondarily to assist in designation. If Shvartsman does not need medical care, it would be an unfortunate use of the resources of the Bureau of Prisons to designate him for medical care. But that is a decision for the Bureau of Prisons. The Court is not in the business of making designation decisions, and the Presentence Report is not intended as a vehicle for real-time updates after sentencing for information relevant to designation.

The parties are invited to address these issues in letters filed on ECF no later than December 23, 2024.

SO ORDERED.

Dated: December 18, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge