# SERCARZ & RIOPELLE, LLP
950 THIRD AVENUE, 31ˢᵗ Floor
NEW YORK, NEW YORK 10022
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*
_____

*Admitted in New Jersey

January 15, 2026

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

      Re:    <u>*United States v. Gerald Shvartsman, et. al.*, No. 23 Cr. 307 (LJL)</u>

Dear Judge Liman:

      I am counsel of record to Gerald Shvartsman, the defendant in the above-referenced matter. I write to request that the Court enter an order modifying the standard conditions of my client's term of supervised release, to permit him to travel freely in the State of Florida, and to permit him to travel throughout the Continental United States for business purposes, provided he gives his supervising Probation Officer one week's notice of travel to any state other than Florida. I have communicated by email with Assistant United States Attorney Matthew Shahabian, Esq., and Mr. Shvartsman has discussed this application with the Probation Department in Florida that will be supervising him.   Both the U.S. Attorney's Office and the Probation Department do not object to this application.

      I am pleased to report that Mr. Shvartsman had no disciplinary issues when he was incarcerated, and he was released from incarceration and began serving the halfway house/home confinement segment of his term of incarceration on December 10, 2025.  Mr. Shvartsman continues to be compliant with all BOP requirements, and I anticipate that he will be released from the halfway house/home confinement segment of his sentence in early February 2026.

      Ordinarily, defendants are confined to the district of their residence when they begin serving their term of Supervised Release (in Mr. Shvartsman's case, the Southern District of

Florida). Mr. Shvartsman respectfully requests that the standard conditions of his supervision be modified to allow him to travel for business throughout the State of Florida freely, rather than limiting his travel to the Southern District of Florida. As the Court may recall, Mr. Shvartsman is an owner of an outdoor furniture manufacturing company with stores and facilities located throughout the State of Florida. He is often required to travel to locations in Florida to meet with current business partners, customers, and employees. I respectfully submit that it makes sense to permit Mr. Shvartsman to make this sort of travel in Florida without constantly getting court approval or from the probation officer for each trip, particularly because the need to travel can arise on short notice.

In addition, Mr. Shvartsman respectfully requests that the Court modify the standard conditions of his release to allow him to travel anywhere in the continental United States for business purposes if he gives his probation officer one week's prior notice and the details of his travel. The reason for this request is to allow Mr. Shvartsman to travel to trade shows and conferences including those in New York, California, Nevada, Colorado, Illinois and other locations where such trade shows and conferences frequently occur. Mr. Shvartsman believes such trips are likely to be frequent over the next year, as he attempts to repair his business after his incarceration. It would be convenient for Mr. Shvartsman's and the government's attorneys, the Probation Department, and the Court if Mr. Shvartsman could simply give a week's notice of his anticipated travel, its purpose and an itinerary to the Probation Department, without going through the process of seeking consent and making an application to the Court for each trip. Of course, if the government has any objection to the proposed travel at the time each trip is noticed, Mr. Shvartsman can seek the Court's intervention if needed. But I suspect that the travel at issue will be non-controversial, particularly since this sort of travel was permitted as a condition of Mr. Shvartsman's bail, and Mr. Shvartsman was compliant with his bail conditions throughout the time he was on release. See Dkt. No. 26.

Therefore, I respectfully request that if the Court grant Mr. Shvartsman's application, and if it is inclined to do so, the Court can simply sign at the "So Ordered" signature line below.

Respectfully submitted,

*Roland G. Riopelle*

Roland G. Riopelle

cc: All counsel of record via ECF

The Defendant Gerald Shvartsman having made an application to modify the conditions of his Supervised Release to permit him to travel freely in the State of Florida from the time his term of Supervised Release begins, and to travel throughout the Continental United States if he

notifies his Probation Officer of such travel and provides his Probation Officer with an itinerary for such travel one week before such travel, and the United States Attorney's Office and the Probation Department having no objection to this application, and good cause appearing to grant this application,

    IT IS ORDERED, that the Defendant, Gerald Shvartsman is permitted to travel freely in the State of Florida from the time his term of Supervised Release begins, and the Defendant, Gerald Shvartsman, is permitted to travel throughout the Continental United States during his term of Supervised Release if he notifies his Probation Officer of such travel and provides his Probation Officer with an itinerary for such travel one week before such travel.

                                   IT IS SO ORDERED:

1/16/2026

                                   HON. LEWIS J. LIMAN
                                   U. S. D. J.